# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

SAMSUNG ELECTRONICS AMERICA
INC., SAMSUNG SEMICONDUCTOR
INC., SAMSUNG RESEARCH
AMERICA INC., SAMSUNG AUSTIN
SEMICONDUCTOR LLC, and
SAMSUNG ELECTRONICS HOME
APPLIANCES AMERICA LLC,

      **Plaintiffs,**

v.

CAREMARKPCS HEALTH LLC and
CARTER LAWRENCE, in his capacity
as COMMISSIONER OF THE
TENNESSEE DEPARTMENT OF
COMMERCE AND INSURANCE,

      **Defendants.**

Docket No. _____

---

## COMPLAINT

---

The Plaintiffs, Samsung Electronics America Inc., Samsung Semiconductor Inc., Samsung Research America Inc., Samsung Austin Semiconductor LLC, and Samsung Electronics Home Appliances America LLC, (collectively "Samsung"), for their Complaint against CaremarkPCS Health LLC ("Caremark") and Carter Lawrence (the "Commissioner"), in his official capacity as Commissioner of the Tennessee Department of Commerce and Insurance (the "Department"), state as follows:

### Introduction

1.     Samsung researches, designs, manufactures, produces, licenses, markets, sells, and services numerous computer, electronic, computer-chip, software,

and related products. Samsung Electronics America Inc. and Samsung Semi-conductor Inc., are each registered to do business in and in fact do operate in Tennessee and also have facilities in multiple states and employees working across the continental United States.

2. Samsung Austin Semiconductor LLC, Samsung Electronics Home Appliances America, LLC, and Samsung Research America Inc. are registered to do business in, respectively, Texas, New Jersey, and California, but have pharmacy plan participants who have had prescriptions filled in Tennessee through the various Samsung health benefit plans.

3. Each Samsung affiliate provides generous benefits to its employees and, among other things, has established and maintain health benefit plan that provides medical and prescription drug benefits to the affiliate's employees and their dependents.

4. Each plan consists of a series of documents, including a so-called "wrap plan" and additional terms specific to the individual sponsoring entity.

5. The relevant wrap are the Samsung Regional Health and Welfare Plan (the "Regional Wrap Plan"), a true and accurate copy of which is attached hereto as Exhibit 1 and incorporated herein by reference, and the Samsung Semiconduc-tor Inc. Health and Welfare Plan and the Samsung Austin Semiconductor LLC Health and Welfare Plan ("Local Wrap Plans"), true and accurate copies of

which are attached hereto collectively as Exhibit 2 and incorporated herein by reference.

6. The Regional Wrap Plan and Local Wrap Plans each have a group health plan component, which includes the applicable prescription drug benefits ("Samsung Health Plans" or "Health Plans").

7. True and accurate copies of the sponsoring-entity-specific plan-term instruments are attached hereto as Exhibit 3, Exhibit 4, Exhibit 5, Exhibit 6, and Exhibit 7, respectively, all of which are incorporated herein by reference.

8. Each Samsung Health Plan is self-funded and governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"). Consistent with ERISA, Samsung has established the design, structure, terms and conditions of the plan, including such things as the benefits available, the providers of those benefits, and the amounts contributed by Samsung and plan participants, including deductibles, copays and coinsurance.

9. All Defendants have taken action to interfere with Samsung's rights under ERISA as the sponsor, administrator, and fiduciary of the Health Plans.

10. Among other things, after acknowledging for years that it lacked the authority to regulate ERISA plans, the State has enacted legislation specifically targeting and purporting to regulate the design, structure, terms and conditions of ERISA plans, including such things as the pharmacies ERISA plans must include in their provider networks and the copays and other contributions for

which plan participants are responsible. The Commissioner and the Department have publicly announced their intent to enforce these and other regulations against ERISA plans, over the specific protests and objections of Samsung and other stakeholders. The legislation, including the provisions of 2021 Tennessee Public Chapter 569 and 2022 Tennessee Public Chapter 1070, is codified in Tennessee Code Annotated, Title 56, Chapter 7, Parts 31 and 32 (hereinafter referred to as "Parts 31 and 32").

11. Caremark serves as the pharmacy benefits manager of all the Samsung Health Plans and is responsible for maintaining all prescription drug records for the Health Plans, their participants, the participating pharmacies and each and every prescription for drugs or devises issued to Samsung Health Plan participants.

12. In response to an audit of Caremark conducted by the Department of Commerce and Insurance, Caremark recently entered into a consent order, agreeing to release Samsung Health Plan records to the Department as outlined in a Consent Order, Department of Commerce and Insurance Contested Case Number TID 25-61. A copy of that Consent Order is attached as Exhibit 8.

13. The Consent Order reflects that Caremark and the Department agree that state law requires Caremark to make reports to the Department and disclose

information regarding pharmacy benefits received by Health Plan participants, including participant identification numbers, group identification numbers, and plan identification numbers.

14. The Consent Order likewise reflects that the Tennessee legislation applies to all pharmacy benefit plans, including self-funded plans that are governed by ERISA. Samsung's Health Plans are all self-funded ERISA plans.

15. As set forth herein, Samsung contends that provisions of the Tennessee legislation are preempted by federal law, are invalid and cannot be enforced by the State or the Commissioner against Samsung, even with Caremark's consent.

16. The Supremacy Clause of the United States Constitution establishes that federal law takes precedence over state laws. U.S. Const. art. VI, cl. 2. State laws may not interfere with federal law, including the United States Constitution and federal statutes. A state law that interferes with federal law is preempted. Preemption can be either express or implied. Express preemption occurs when Congress explicitly states its intent to preempt state laws that regulate a given topic.

17. ERISA is a comprehensive federal statute that regulates employee benefit plans.

18. Congress enacted ERISA to provide "a uniform regulatory regime over employee benefit plans." ***Aetna Health Inc. v. Davila***, 542 U.S. 200, 248 (2004). In order to facilitate the efficient administration of benefits nationwide and to

ensure that ERISA plans did not face competing or conflicting regimes in each of the 50 states, Congress included a broad express preemption clause in ERISA. ERISA preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plans." 29 U.S.C. §1144(a).

19. Under controlling precedent of the United States Supreme Court and the Sixth Circuit Court of Appeals, a state law "relates to" a covered benefit plan if it either has a connection with such a plan or makes reference to such a plan. ***See, e.g., Shaw v. Delta Air Lines***, 463 U.S. 85, 96-97 (1983). By specifically targeting ERISA plans in its legislation and regulations, the State, the Commissioner and Department have disregarded controlling precedent and long-established principles of ERISA preemption.

20. Samsung therefore seeks a declaration pursuant to 28 U.S.C. § 2201 that the provisions discussed below of Tennessee Public Chapter 569 (2021) and Tennessee Public Chapter 1070 (2022) codified in Parts 31 and 32, are preempted by ERISA and cannot be enforced against self-insured ERISA plans and their pharmacy benefits managers.

21. Samsung further seeks injunctive relief barring the State, Commissioner and Department from enforcing the foregoing provisions against self-insured ERISA plans and their pharmacy benefits managers. Samsung likewise requests that Caremark and its owners, officers, successors and assigns be permanently enjoined, for the reasons discussed herein, from complying with the

Consent Order to the extent that compliance would require disclosure of any information whatsoever about or related to any Samsung Health Plan's pharmacy benefits.

22. Samsung further seeks injunctive relief directing Caremark and the Commissioner to expunge from any report or disclosure previously prepared or filed by Caremark with the Department any information about or relating to the Samsung Health Plan or any Health Plan participant, including but not limited to: identifying numbers, prescriptions dispensed, costs of prescriptions, payment information, fee or payment appeals, and statistical analysis of the Health Plan's performance.

## Parties

23. Samsung Electronics America Inc. is a New York corporation with its principal place of business at 700 Sylvan Ave Englewood Cliffs, New Jersey, 07632. Samsung Electronics America Inc.is registered to do business in the State of Tennessee.

24. Samsung Semiconductor Inc. is a California corporation with its principal place of business at 3655 N. 1st Street, San Jose, California, 95134. Samsung Semiconductor Inc. is registered to do business in the State of Tennessee.

25. Samsung Research America Inc. is a California corporation with its principal place of business at 665 Clyde Avenue, Mountain View, California, 94043.

26. Samsung Austin Semiconductor LLC is a limited liability company formed pursuant to the laws of the State of Delaware with its principal place of business in the State of Texas.

27. Samsung Electronics Home Appliances America LLC is a limited liability company formed pursuant to the laws of the State of Delaware with its principal place of business in the State of South Carolina.

28. The Samsung entities sponsor, administer, and serve as fiduciaries of their respective group health plans (collectively the "Samsung Health Plans"). The Samsung Health Plans provide medical and drug benefits to Samsung's eligible employees and their eligible dependents.

29. Samsung Research America Inc., Samsung Electronics Home Appliances America LLC, and Samsung Electronics Home Appliances America LLC do not transact business in the State of Tennessee. Beneficiaries of these entities' Employee Health and Supplemental Benefits Programs live in Tennessee, and their plans pay claims, including claims for pharmacy services provided through Caremark's PBM services, in Tennessee.

30. Defendant Caremark is a Delaware limited liability company registered to conduct business in Tennessee. Its principal place of business is at 1 CVS Drive, Woonsocket, Rhode Island, 02895. It may be served through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546.

31. The Tennessee Department of Commerce and Insurance is an agency of the

State of Tennessee, responsible for enforcing Tenn. Code Ann. §§ 56-7-3120 and 56-7-2359. In this Complaint, Samsung seeks exclusively declaratory and injunctive relief directly against the State as a named defendant.

32. Defendant Commissioner is the head of the Department. The Commissioner is being sued solely in his official capacity.

## Jurisdiction and Venue

33. This Court has jurisdiction over this matter pursuant to ERISA, 29 U.S.C. §1132(e)(1) and general federal question jurisdiction under 28 U.S.C. § 1331, because the Samsung Health Plans are ERISA-governed employee welfare benefit plans and Samsung, as the administrator and a fiduciary of the respective Health Plans, seeks a declaration regarding federal law pursuant to 28 U.S.C. §§ 2201–2202 as well as injunctive and other appropriate equitable relief to remedy violations of the Health Plan and of ERISA and to enforce the terms of the Health Plan and of ERISA, pursuant to ERISA, 29 U.S.C. § 1132(a)(3).

34. To the extent any of the claims herein are not governed by ERISA, this Court has supplemental jurisdiction under 28 U.S.C. §1367(a) because such other claims are so related to claims that are under this Court's original jurisdiction that they form a part of the same case or controversy.

26. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2) because the Defendants are deemed to reside in this District and because each Samsung Health Plan is administered in this District.

27. ERISA governs employee welfare benefit plans that are established or maintained by an employer, through the purchase of insurance or otherwise, for the purpose of providing medical, surgical, or hospital care or benefits, or benefits in the event of sickness or accident to eligible employees and their eligible dependents.

28. Each Samsung Health Plan is a "welfare benefit plan" subject to ERISA, as defined under 29 U.S.C. § 1002(1).

29. Each Samsung entity is an "employer" as defined under 29 U.S.C. § 1002(5).

30. The respective Samsung entities established and continue to maintain their respective Samsung Health Plans for the purpose of providing specified types of welfare benefits as defined by ERISA to eligible Samsung employees and their eligible dependents. Benefits under each Health Plan are not insured but are funded from Samsung's general assets.

31. Each Samsung Health Plan is therefore a group health plan as defined by 29 U.S.C.S. § 1167.

32. Each plan document specifically states that the Health Plan is governed by ERISA.

## Factual Background

33. Employers contract with pharmacy benefits managers ("PBMs") to oversee their health plans' prescription-drug benefits. As intermediaries, PBMs contract with manufacturers to negotiate pricing and rebates on drugs, contract with health plans to manage the plans' prescription-drug benefits, and contract with pharmacies in designing pharmacy networks. As a practical matter, employers with self-insured ERISA plans must contract with PBMs to manage their prescription-drug benefits.

34. Among other things, PBMs, including Caremark, work with health plans in designing plan networks and offering options for the networks.

35. Caremark in particular has set up the Samsung Health Plans' pharmacy networks, which provide for the pharmacies that are covered under the Plans.

36. Because of the role and importance of PBMs in administering pharmacy benefits for health plans, including plans governed by ERISA, state laws and regulations that purport to regulate PBMs in their administration of pharmacy benefits for health plans effectively regulate the plans themselves, interfere with the plan sponsor's and administrator's rights to determine the design, structure, terms and conditions of the plans, and further interfere with nationally uniform plan administration.

37.     Among other benefits, the Samsung Health Plans offer prescription drug benefits to thousands of eligible employees and their eligible dependents located in multiple jurisdictions throughout the United States.

38.     The Health Plans' prescription drug programs include a pharmacy network.

39.     Caremark serves as the PBM for each of the Samsung Health Plans pursuant to a "Participating Group Addendum" (PGA). Each PGA is not attached because of the confidentiality requirements but can be produced under seal and is in the possession of the Defendants, or at least in the possession of Caremark.

40.     In that capacity, Caremark provides prescription drug administrative services to Samsung and participants in the Samsung Health Plans. These services include maintaining confidential records of each participant's prescriptions for drugs and medical devices, including what medicines or devices are prescribed, the medical condition necessitating the prescription, the duration and dosage of the prescription, the provider of the medicine or device, whether the provider is in or out of the Health Plan network, and the cost of each prescribed medicine or device.

41.     Each PGA specifically provides that the Samsung entity (defined as a "Participating Group") "owns and will continue to own Participating Group Data, de-

spite data use or possession by CVS Caremark" and requires that "CVS Caremark will maintain the confidentiality and proprietary character of the Participating Group Data."

42. As its own Health Plan administrator, each Samsung entity is the fiduciary responsible for protecting each participant's rights under ERISA, including ensuring that the pharmacy benefit manager protects the confidentiality and privacy of participants with regards to pharmacy benefits.

43. As the Health Plan fiduciary, each Samsung entity has a duty to protect the privacy rights of Health Plan participants under HIPAA, 5 U.S.C. § 552a.

44. The State conducted an audit of Caremark for the year 2024, focused on Caremark's compliance with various aspects of Tennessee law, including what pharmacies were approved as in-network, what costs or fees were charged, whether fees or costs were properly charged or paid, rates of improper or mistaken payment or billing, timeliness of payments, patterns of pharmacy reimbursements, "spread pricing," the PBM's treatment of appeals by pharmacies or plan participants of payment or reimbursement disputes, and the general practices of the PBM's audits of participating pharmacies.

45. The Commissioner then pursued administrative action against Caremark to require Caremark to comply with state law and rectify violations identified in the audit.

46. In response to these audits and the administrative proceeding, Caremark initially allowed plan sponsors of self-insured health plans to opt out of providing such information and refused to provide pharmacy claims data for any self-insured ERISA-governed health plan that opted out, including Samsung's Health Plans.

47. In the Consent Order, however, Caremark reversed itself and agreed to release information related to self-insured ERISA benefit plans, including the three Samsung plans.

48. Release of participant data would violate the participants' rights under ERISA and HIPAA.

49. Samsung, under the PGA with Caremark, owns participant data and thus has the right as an ERISA fiduciary to prevent its release.

**Tennessee Pharmacy Legislation and Regulations**

50. For years, the State and the Department recognized the well-established principles of ERISA preemption discussed above. In 1998, the State adopted its original "Any Willing Pharmacy" statute ("AWP Statute"), codified at Tenn. Code Ann. § 56-7-2359, which restricted the ability of "health insurance issuers" to deny participation by licensed pharmacies in any policy, contract or plan. The legislative history of the AWP Statute was discussed in Tenn. Atty. Gen. Op. No. 04-001 (Jan. 6, 2004), which noted that the statute "contains no

mention of self-insured plans, and sponsors acknowledged that it did not attempt to regulate employee plans because, under ERISA, state regulation would be preempted." A 2001 amendment to the AWP Statute specifically exempted self-funded ERISA plans from the amendment's coverage. 2001 Tenn. Pub. Ch. 236, Section 9.

51. Some twelve years later, the Attorney General again confirmed ERISA's preemption of state law in Tenn. Atty. Gen. Op. No. 16-42 (Dec. 7, 2016). In that opinion, citing United States Supreme Court precedent, the Attorney General concluded that Tennessee's "All Payor Claims Database" statute, Tenn. Code Ann. § 56-2-125, which imposed claims data reporting requirements on ERISA-governed plans, was unconstitutional and could not be enforced by the Department.

52. Subsequently, Tennessee's Legislature adopted legislation purporting to regulate the design and structure of welfare benefit plans, as discussed in the following paragraphs of this Complaint.

53. The Legislature passed 2021 Public Chapter 569, most of which became effective July 1, 2021. This law amended Tennessee Code Annotated Title 56, Chapter 7, Parts 31 and 32. Among other things, Section 2 of Public Chapter 569 added Tenn. Code Ann. § 56-7-3120, which in subsection (b) prohibited a PBM or covered entity from interfering with a patient's right to choose a contracted pharmacy in a manner that violated Tenn. Code Ann. § 56-7-2359 (the AWP

Statute) or by other means, including inducement, steering, or offering financial or other incentives.

54. A few days after Public Chapter 569 became effective, the Department announced its intent to enforce the law against ERISA plans. In its Bulletin 21-01, the Department stated that the "covered entities" to which the law would apply, "includes 'self-insured entities' which would include ERISA plans" and that "[n]o exclusions in the PBM laws are carved out to exclude plans currently regulated by ERISA." The bulletin went on to state that "[t]he Department will enforce Pub. Ch. 569 accordingly." Tenn. Dept. of Commerce and Insurance Bulletin 21-01 (July 8, 2021).

55. Subsequently, the Legislature adopted an additional amendment via the passage of 2022 Public Chapter 1070.

56. Public Chapter 1070 included various provisions regulating PBMs but did not materially alter Tenn. Code Ann. § 56-7-3120(b).

57. Public Chapter 1070 did not amend Tenn. Code Ann. §56-7-2359 (the original AWP Statute); instead, it added one subparagraph to Tenn. Code Ann. §56-7-3120.

58. As amended, Tenn. Code Ann. § 56-7-3120(b)(1) retained the statute's prohibition against a PBM's or a covered entity's "interference" with a patient's right to choose a contracted pharmacy in a manner that violates Tenn. Code Ann. § 56-7-2359. Amended Section 56-7-3120(b)(2) made the statute's "anti-steering"

component more specific by prohibiting PBMs and covered entities from offering financial or other incentives to persuade a patient to use a pharmacy owned by or financially beneficial to the PBM or covered entity.

59. Public Chapter 1070 further amended Part 31 to make the substantive regulations, requirements and restrictions contained therein specifically applicable to welfare benefit plans governed by ERISA. As amended, Tenn. Code Ann. § 56-7-3102(1)(A) now includes plans governed by ERISA in the definition of a "covered entity" subject to provisions of Part 31, including the any-willing-pharmacy and anti-steering provisions of Tenn. Code Ann. § 56-7- 3120.

60. Public Chapter 1070 expressly provides that Parts 31 and 32, in their entirety, apply to plans governed by ERISA. *See* Tenn. Code Ann. §§ 56-7-3122, 56-7-3209. It also amended the definition of "Pharmacy benefit manager" in Part 31 so as to encompass "plans governed by … ERISA." *See* Tenn. Code Ann. § 56-7-3102(5).

61. In enacting these provisions specifically referencing and targeting ERISA plans, the State, through its Legislature, assured that Part 31 would be preempted.

62. Tenn. Code Ann. §56-7-3120, as amended and as applied to ERISA plans and their PBMs, is preempted by ERISA.

63. The statute interferes with Samsung's right to design and structure its ERISA Health Plan, governs central matters of plan administration, and interferes

with nationally uniform plan administration. Among other things, the statute limits copays and other contributions the plan may require of participants, purports to restrict the ability of the plan to offer lower copays and other incentives beneficial to participants, and regulates services provided under the plan and the providers of those services. All these provisions relate to ERISA plans because they have connections with such plans and because the State purposely made reference to and targeted ERISA plans in the enabling legislation.

64. Tenn. Code Ann. § 56-7-3121 is likewise preempted by ERISA.

65. Though purportedly applicable to PBMs, the statute effectively regulates the design and structure of self- funded ERISA plan pharmacy networks and the benefits the plans provide. The statute's requirements that any willing pharmacy be included in networks established by the PBM (both preferred networks and non-preferred networks), interfere with the ERISA plan's right to determine benefits provided under the plan and the providers of those benefits. The statute's restrictions on copayments, other fees and financial inducements likewise interfere with plan structure, administration, and uniformity by restricting contributions and charges which plans may legitimately require from their own participants. All these provisions relate to ERISA plans because they have connections with such plans and because the State purposely made reference to and targeted ERISA plans in the enabling legislation.

4936-7233-8327.8

66. The United States Court of Appeals for the Sixth Circuit Court has held that "Any Willing Pharmacy" requirements such as those contained in Tenn. Code Ann. §§ 56-7-3120, 56-7-3121, and 56-7- 2359 are preempted by ERISA. ***Kentucky Ass'n of Health Plans v. Nichols***, 227 F.3d 352 (6th Cir. 2000), *aff'd sub nom. Ky. Ass'n of Health Plans Inc. v. Miller*, 538 U.S. 329 (2003). Specifically addressing the "connection with" requirement for ERISA preemption, the Sixth Circuit concluded that any willing provider laws effectively mandate employee benefit plan structures. "[The laws] not only affect the benefits available by increasing the potential providers, they directly affect the administration of the plans." ***Id.***, 277 F. 3d at 363. Citing ***Nichols***, the Tenth Circuit Court of Appeals reached the same conclusion in ***Pharmaceutical Care Mgmt. Ass'n v. Mulready***, 78 F.4th 1183, 1198 (10th Cir. 2023).

67. The Sixth Circuit has also recently noted, in ***Aldridge v. Regions Bank***, 144 F.4th 828, 839 (6th Cir. 2025), that ERISA's reporting requirements were "a central matter of plan administration" because plan administrators must "keep detailed records" and provide an annual report to the Secretary of Labor about the plan, citing ***Gobeille v. Liberty Mut. Ins. Co.***, 577 U.S. 312, 321–22 (2016). ***Gobeille*** held that ERISA preempted a Vermont law requiring payers of health-care services (including ERISA plans) to disclose to state agencies their health-care payments for inclusion in a public database, finding a

preemptive connection to ERISA plans both because of ERISA's reporting requirements and because additional state reporting duties could impose "wasteful administrative costs" that would undermine ERISA's uniformity goals. ***Id.*** at 323 (quoting ***Egelhoff v. Egelhoff ex rel. Breiner***, 532 U.S. 141, 148 (2001)).

68. The Department has issued rules, purportedly applicable to PBMs, contained in Chapter No. 0780-01-95 of the Tennessee Rules and Regulations. The most recent rules filed by the Department on March 28, 2024, become effective June 26, 2024. The Rules, among other things, purport to impose broadly worded recordkeeping, audit, and reporting requirements on PBMs.

69. In its published comments on the recently issued Rules, the Department has expressly confirmed its intent to regulate areas governed by ERISA and to enforce the State's PBM laws and regulations against ERISA plans, stating as follows:

> The Department received multiple comments asserting the Department has no authority to promulgate the proposed rules because the rules attempt to regulate areas governed by the Employee Retirement Income Security Act of 1974 ("ERISA") and are therefore preempted by ERISA and subsequent case law interpreting ERISA.

70. The Department responded by disagreeing, contending that the statutory definitions of "covered entity" and "pharmacy benefits manager," found in Tenn.

Code Ann. § 56-7-3102(1) and (5), respectively, clearly and unambiguously apply to self-insured entities and plans governed by ERISA. The Department also contended that Tenn. Code Ann. §§ 56-7-3122 and -3209 make self-insured ERISA plans subject to Tenn. Code Ann. Title 56, Chapter 7, Parts 31 and 32, respectively. Rulemaking Hearing Rule(s) Filing Form, Tenn. Dept. Commerce and Insurance, Public Hearing Comment # 29.

71. The Department's position is thus that its rules and the enabling statutes are not preempted because the statutes make specific reference to self-insured ERISA plans and say they apply to such plans.

## Count I - Declaratory Judgment

72. Samsung incorporates by reference the allegations of all preceding paragraphs above as if fully set forth.

73. The Federal Declaratory Judgments Act provides that "[i]n a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a). The Act further provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. §2202.

4936-7233-8327.8

74.   An actual controversy exists between Samsung and Caremark, which is ripe for adjudication, regarding whether Tennessee state law is preempted by ERISA. Caremark, by entering into the Consent Order, and informing Samsung that it will release sensitive data and privileged information relating to the Samsung Health Plans, is implicitly conceding that Tennessee state law is not preempted by ERISA.

75.   An actual controversy exists between Samsung on the one hand and the Commissioner on the other hand, which controversy is ripe for adjudication, regarding whether Tennessee statutes and the regulations issued by the Department are preempted by ERISA or are otherwise inapplicable to Samsung and its self-insured Health Plans.

76.   Samsung requests a declaration that Tenn. Code Ann. §§ 56-7-3120, 56-7-3121, and 56-7-2359, all as amended by Public Chapters 569 and 1070, are preempted by ERISA.

77.   The Tennessee statutes are invalid and cannot be applied to self-funded benefit plans governed by ERISA, like the Samsung Health Plans, or to PBMs that engage in pharmacy benefits management for self-funded ERISA-governed benefit plans, because:

   a.   the statutes interfere with the rights of ERISA plan sponsors and administrators to design and structure their plans, govern central matters

of plan administration, and interfere with nationally uniform plan administration.

b. The statutes' purported regulation of PBMs effectively regulate ERISA plans as well, have a "connection with" ERISA plans, and thus are preempted.

c. The Tennessee statutes have impermissible "references to" ERISA plans and are therefore preempted by ERISA.

d. The Tennessee statutes, if interpreted as the Defendants imply in their consent order, require fiduciaries to engage in conduct that violates the fiduciary duties under each plan to administer it according to ERISA and not according to state law. Plan fiduciaries have a right and duty under ERISA to interpret and apply ERISA and not state law in administration of the plan, including maintaining the confidentiality of plan records and participant data, especially participant data that constitutes protected health information, as defined in 45 C.F.R. §160.103.s

78. Accordingly, Tennessee's statutes are preempted under ERISA, including under either 29 U.S.C. § 1144 or 29 U.S.C. § 1191(a)(2).

79. As a fiduciary, Samsung is authorized to file suit under 29 U.S.C. § 1132(a)(3) to obtain appropriate equitable relief based on ERISA's preclusion of enforcement of the Tennessee statutory scheme.

## Count 2 - Injunctive and Other Appropriate Equitable Relief

80.     Samsung incorporates by reference the preceding allegations above as if fully set forth herein.

81.     ERISA, 29 U.S.C. § 1132(a)(3), provides a cause of action for an ERISA plan fiduciary to obtain injunctive or other appropriate equitable relief to remedy violations of ERISA or the terms of an ERISA-governed plan or to enforce ERISA or the terms of an ERISA-governed plan.

82.     Application of Tenn. Code Ann. §§ 56-7-3120, 56-7-3121, and 56-7-2359, all as amended by Public Chapters 569 and 1070, to each of the Samsung Health Plans will cause irreparable harm to Samsung, the Samsung Health Plans, and to participants and beneficiaries of the Health Plans. Among other things, such application would force Samsung to choose between violating state law, on the one hand, and on the other hand, violating its fiduciary duties under ERISA.

83.     Samsung is likely to succeed on the merits of its claims because

   a.      each Samsung Health Plan is a non-insured employee welfare benefit plan governed by ERISA,

   b.      jurisdiction relating to disputes concerning the administration of ERISA-governed plans is reserved to the United States courts, and

   c.      the statutes and Rules the Defendants seek to enforce are preempted by ERISA.

84. Samsung requests an order enjoining Caremark from releasing information about the Samsung Health Plans required by the Consent Order and enjoining the Commissioner from pursuing any legal or administrative action to enforce Tenn. Code Ann. §§ 56-7-3120, 56-7-3121, and 56-7-2359, all as amended by Public Chapters 569 and 1070, against each Samsung affiliate, each Samsung Health Plan, Samsung's PBM, or otherwise to force Samsung or its PBM to comply with the audit-data provisions of the Consent Order. Samsung further requests that Caremark and its owners, officers, successors and assigns be permanently enjoined from releasing information or filing reports with the Department relating to the Samsung health plans.

85. Samsung otherwise requests appropriate equitable relief to remedy violations of ERISA and the terms of the Samsung Health Plan by affirming Samsung's authority and discretion as sponsors and fiduciaries of the Health Plans to maintain the integrity and privacy of records relating to the operation and administration of each Health Plan's prescription drug program and their applicable pharmacy networks.

86. Samsung otherwise requests appropriate equitable relief to enforce the terms of the Samsung Health Plans and to enforce ERISA's requirement that sponsors and fiduciaries of non-insured health plans be given the authority and discretion to administer the Health Plans and their functions without oversight by the Department.

87. Samsung further seeks injunctive relief directing Caremark and the Commissioner to expunge from any report or disclosure previously prepared or filed by Caremark with the Department any information about or relating to the Samsung Health Plans or any Health Plan participant, including but not limited to: identifying numbers, prescriptions dispensed, costs of prescriptions, payment information, fee or payment appeals, and statistical analysis of the plan's performance.

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

d. A declaration that Tenn. Code Ann. §§ 56-7-3120, 56-7-3121, and 56-7-2359, all as amended by Public Chapters 569 and 1070, are preempted by ERISA and unenforceable;

e. A declaration that Tennessee Code Annotated §56-7-2359, by its own terms, exempts self-funded ERISA plans like the Samsung Health Plans from its provisions and that neither Public Chapter 569 nor Public Chapter 1070 revised or revoked the exemption;

f. An order enjoining the Defendants from pursuing any legal or administrative action to enforce Tenn. Code Ann. §§ 56-7-3120, 56-7-3121, and 56-7-2359, all as amended by Public Chapters 569 and 1070, against Samsung, the Samsung Health Plans, or Samsung's PBM; d. injunctive relief directing Caremark and the Commissioner to expunge from any report or disclosure previously prepared or filed by Caremark with the

Department any information about or relating to the Samsung Health-Plans or any Health Plan participant, including but not limited to: identifying numbers, prescriptions dispensed, costs of prescriptions, payment information, fee or payment appeals, and statistical analysis of the Health Plan's performance, or any other participant data the disclosure of which would violate 5 U.S.C. 552a.

e.    An order requiring the Defendants to reimburse Plaintiff for its reasonable attorneys' fees and costs; and

f.    All other just and proper relief.

Respectfully submitted,

s/ Gregory C. Krog, Jr.
Gregory C. Krog, Jr. (admission pending oath)
The Law Office of Gregory C. Krog, Jr.
840 Valleybrook Drive
Memphis, TN 38120
901-683-9080
901-685-2824
greg@kroglaw.com

and

s/ Paul J. Krog
Paul J. Krog (TN No. 29263)
Bulso PLC
155 Franklin Road, Suite 400
Brentwood, TN 37027
615-913-5200
615-913-5150
pkrog@bulso.com